## Case No. 8,875.

### McLAUGHLIN v. TURNER.

[1 Cranch, C. C. 476.] [1]

Circuit Court, District of Columbia. Dec. Term, 1807.

PLEADING AT LAW—ASSUMPSIT—ACCOUNT COUNT —ACCOUNT FILED—DAY STATED.

1. Upon a count "for sundry matters properly chargeable in account, as by account annexed," it is not necessary that the account should be such as would be evidence per se under Act Md. 1729, c. 20.

2. The day stated in the declaration is not material, so that the articles were delivered and payable before the action brought.

The first count of the declaration stated that the defendant [Samuel Turner] was indebted to the plaintiff [McLaughlin's administrator] "for sundry matters properly chargeable in account, as by an account there-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

unto annexed." The second count was for board and lodging, and other necessaries for twelve months. The plaintiff produced an account for a tavern-bill, and proved that he presented the account to the defendant, who said there were other credits on a former account, and he would produce them, and settle the account.

Caldwell & Morsell, for defendant, contended that the evidence did not support the first count, and that no evidence could be given upon that count, but an account which would in itself have been evidence under the act of 1729 (chapter 20), under which act alone they contended the count was good. The issues were non assumpsit and limitations. There was no demurrer.

But THE COURT (nem. con.) said, if the count is bad, he might have demurred, or might move in arrest of judgment. But if the count is good, there can be no question but that the evidence offered will support it.

Mr. Morsell contended also, that the plaintiff could not give in evidence any charge for articles delivered before the 4th of May, 1805, the day laid in the declaration.

But THE COURT (nem. con.) said the day was immaterial, so that the articles were delivered and payable before the action brought.